UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:23-cr-39-KKM-TGW

STEVEN ANDREW GUNN
a/k/a "Papi Chulo"

### SENTENCING MEMORANDUM

The United States files this sentencing memorandum requesting that this Court sentence the defendant, Steven Andrew Gunn ("Gunn"), to a guidelines sentence of 360 months' imprisonment to be followed by a lifetime of supervised release. In support thereof, the United States submits as follows:

**I.  Background**

Between September 14, 2020, and October 5, 2020, Gunn engaged in sexually explicit online conversations with an 11-year-old minor who resided in Kansas City, Missouri. During the conversations, Gunn discussed his desire to engage in sexual activity with the child and sent her images of his face, erect penis, and videos of himself masturbating. Gunn also repeatedly requested the minor send him sexually explicit images of herself.

The 11-year-old victim received at least three sexually explicit images and numerous text messages and audio files via her Snapchat account from Gunn. During the conversations, Gunn described the sexually explicit conduct he wished to engage in with the minor victim.

1

In one conversation Gunn was speaking to the 11-year-old victim and sent her three audio messages that said: "I want to fuck you so hard, princess. I want to cum inside you and make you my baby girl…I want to fuck you so hard, princess. I want to cum inside you and make you my little slut…Do you want daddy to wreck your guts with my big fat cock deep inside of you and make you my little cum slut."

Gunn was obviously aware of the victims age and her circumstances with her mother. After the 11-year-old victim was having a bad day, Gunn then sent the victim an audio file asking her: "…how bad you want me deep inside of you slut." The victim responded that her mother was right beside her and that she could not answer the question. Gunn replied with an audio message, saying: "You don't know how bad I want to fuck you even though your mom is right next door to you. That way she could come kill us both and we both orgasm. I want to cum deep inside of you and you make you mine."

On March 29, 2021, the FBI located Gunn at his place of employment and conducted a consensual interview. During the interview he admitted to using Snapchat to entice and solicit child sexual abuse material from multiple girls ranging between 8 and 13 years old. He admitted to providing the child sexual abuse material he obtained to another man, who is a convicted sex offender. Further he admitted to knowing the victim was only 11 years old. Gunn's phone was seized containing 28 images of child sexual abuse material.

Within Gunn's cell phone FBI observed his Snapchat account and conversations within. Gunn was speaking with Snapchat user "Miami_gurlstep," ("Victim 2"). An image of a female vagina was discovered displaying it in a lewd and lascivious manner and multiple pictures of the female.

Forensic examiners interviewed the victim in June 2022. Victim 2, who was 14 at the time, recalled that she believed the person she was talking to was in his 30s or 40s and identified herself in the sexual image that she had sent Gunn at his request.

In the present case, Gunn pleaded to Count One, Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b) and Count Four, Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(b) on March 28, 2024. PSR ¶ 7.

## II.     Presentence Investigation Report

On August 6, 2024, the U.S. Probation Office issued its Final Presentence Investigation Report (PSR). Doc. 59. Based upon a total offense level of 41 and a criminal history category of III, the guideline imprisonment range is 360 months to life. PSR ¶ 92. Gunn's applicable period of supervised release is five years to life. PSR ¶ 94. Gunn has not set forth any factual or legal objections to the PSR's information or guideline calculations that have not already been resolved.

## III.    Argument for 360 Months' Imprisonment

A guidelines sentence of 360 months is necessary due to the history and characteristics of Gunn, and for both deterrence of these crimes and for the protection

of the public against him. *See* 18 U.S.C. § 3553(a). The United States recognizes that a sentencing court may not presume that a sentence within the advisory guideline range is reasonable; however, the guidelines remain a significant and pivotal component of the sentencing process. The Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in § 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). A consideration of these factors warrants a guideline sentence.

### A.     Nature and Circumstances of the Offenses

The nature and circumstances of Gunn's offenses are, taken alone, awful and detrimental to victims of child exploitation. Gunn's active choice to find yet another minor victim on the internet, even after being previously convicted of a similar crime, represents callousness towards the victims of child exploitation. He has exhibited consistent alarming behavior and has sought to fulfill his own sexual

desires by exploiting these children online. Instead of seeking adult pornography or adult relationships from people his own age, he has chosen repeatedly to find vulnerable children who are more willing and who lack the understanding of the dangers in sharing their bodies on the internet.

The facts of this case and Gunn's conduct demand a guidelines sentence of 360 months' imprisonment. Gunn demonstrated a pattern of violating the law without remorse by continuing to entice children, view, and possess child pornography.

### B. History and Characteristics of the Defendant

Gunn's history and characteristics also weigh in favor of a 360-month imprisonment sentence. Gunn is an adult who has a history of engaging with children online as if there are no consequences. His electronic device and Snapchat evidence an obsession with explicit sexual activity. His predatory behavior towards very young victims and manipulative conduct is distressing. While mental health treatment is absolutely necessary, it cannot come without a significant prison sentence to protect children from Gunn's harmful actions. His characteristics not only require mental health treatment, but they also require serious intervention to protect the community.

*2012 Child Abuse Conviction*

This was not the first time that Gunn was caught using the internet to entice a child into sexual activity. In 2012, Gunn was engaging in sexually explicit conversations with a minor by sending a photo of his erect penis and requesting nude

5

photos of the child. He discussed his desire to have sex with the child and was in a "relationship" with her. Gunn was charged with various sex crimes but, ultimately, the charges were downgraded to child abuse. He was convicted of the felony and sentencing to one year in jail. He violated his probation and was resentenced to 36 months in prison. Gunn's plea to child abuse does not in any way negate the conduct he committed during that 2012 offense.

There is great concern for public safety in this case. Gunn received a tremendous break by avoiding the sex crime and only spending around 36 months in prison. Despite being given a second-chance, Gunn continued his exploitive and predatory conduct. Instead of making life changes, seeking treatment, or stopping altogether, Gunn continued down the path of criminal activity. Gunn continued to talk to, entice, and seek sexual images of children. More disturbingly, Gunn escalated his criminal behavior. He wasn't just talking to one child; he was talking to multiple children this time around.

Every image and video of child sexual abuse depicts a real-life child that has suffered irreparable harm by their abusers. Unfortunately, their abuse does not end with the physical act because exploiters like Gunn perpetuate the abuse by continuing the distribution of their most vulnerable, traumatic moments on the internet. According to his own admissions, Gunn chose to share images with a known sex offender for his benefit, continuing the pattern of abuse.

A sentence of 360 months' imprisonment is necessary to recognize the victims harmed by Gunn's conduct, to restore public confidence and respect for our laws, and to address Gunn's continuous exploitive behavior.

### C. Seriousness of the Crime, Promoting Respect for the Law, and the Need for Just Punishment

As the Eleventh Circuit explained in *United States v. Irey*: "the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." 612 F.3d 1160, 1206 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1813 (2011). "Child sex crimes are among the most egregious and despicable of societal and criminal offenses…" *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (discussing how courts have upheld lengthy sentences in cases involving child sex crimes as substantively reasonable). Congress has expounded that the "just deserts" concept in sentencing is a means of reflecting the "gravity of the defendant's conduct," as well as the "harm done or threatened by the offense." S.Rep. No. 98-225, at 75-76, 1984 U.S.C.C.A.N. 3258-59. Because "[t]he seriousness of the crime varies directly with the harm it causes or threatens…" this Court should impose the guidelines sentence. *See Irey*, 612 F.3d at 1206.

Gunn's conduct over a multi-year period shows that he has no respect for the law. He persisted in his child enticement addiction, exploiting minors, and maintaining an image collection of his own. The only way to promote respect for those laws in this case and help restore that confidence is to sentence Gunn to a guideline sentence.

Deterrence is important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *See id*.

The Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class..." *Smith v. Doe*, 538 U.S. 84, 103 (2003). Gunn fits well within that class. His pattern of sexual exploitation of minors evidences a high probability of recidivism. *See, e.g.*, *United States v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008) ("sex offenders have appalling rates of recidivism, and their crimes are under-reported."); *United States v. Allison*, 447 F.3d 402, 405–06 (5th Cir. 2006) ("Congress explicitly recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders."). A strong need exists to protect children in the community from Gunn.

## IV. Conclusion

Gunn's freedom and autonomy are incompatible with the safety of children in our community. A guidelines sentence of 360 months is required to reflect the seriousness of the Gunn's crimes, provide just punishment for those crimes, to protect the children in the community, and promotes respect for the law.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   */s/ Erin Claire Favorit*
       Erin Claire Favorit
       Assistant United States Attorney
       Florida Bar No. 104887
       400 N. Tampa Street, Ste. 3200
       Tampa, FL 33602
       Phone: (813) 274-6000
       Fax:   (813) 274-6103
       Email: erinfavorit@usdoj.gov

U.S. v. Gunn                                    Case No. 8:23-cr-00039-KKM-TGW

### CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Adam Allen, Esq.

*/s/ Erin Claire Favorit*
Erin Claire Favorit
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa Street, Ste. 3200
Tampa, FL 33602
Phone:  (813) 274-6000
Fax:    (813) 274-6103
Email: erin.favorit@usdoj.gov